Thomas VANDA, Petitioner–Appellant,

v.

Michael P. LANE and Michael O'Leary, Respondents–Appellees.

No. 91–1689.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 8, 1992.

Decided April 27, 1992.

Rehearing Denied May 28, 1992.

See also, 111 Ill.App.3d 551, 67 Ill.Dec. 373, 444 N.E.2d 609.

Stephen J. Connolly (argued), Connolly, Ekl & Williams, Clarendon Hills, Ill., for Thomas Vanda.

Marcia L. Friedl, Asst. Atty. Gen., Chicago, Ill., (argued), for Michael P. Lane.

Terence M. Madsen, Asst. Atty. Gen., Crim. Appeals Div., Chicago, Ill., for Michael O'Leary.

Before CUMMINGS, POSNER and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

Petitioner Thomas Vanda is an inmate of the Stateville Correctional Center in Illinois. He was convicted of the April 1977 murder of Marguerita Bowers after a jury of the Circuit Court of Cook County, Illinois, rejected his insanity defense. In June 1979 he was sentenced to a term of 300–500 years' imprisonment. It is undisputed that petitioner killed Bowers. His sole defense was that he was not guilty by reason of insanity. His conviction was affirmed in *People v. Vanda*, 111 Ill.App.3d 551, 67 Ill.Dec. 373, 444 N.E.2d 609 (1st Dist.1982). In April 1983 the Illinois Supreme Court denied a petition for leave to appeal, and the Supreme Court of the United States subsequently denied certiorari, 464 U.S. 841, 104 S.Ct. 136, 78 L.Ed.2d 130 (1983).

Thereafter petitioner sought a writ of habeas corpus in the district court, which filed a memorandum opinion and order denying the request.[1] 758 F.Supp. 1252. Petitioner's argument before us is that his constitutional rights were violated by the state's use during trial of his silence and request for counsel when he was apprehended. While mentioning a defendant's right to silence under *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976),[2] the Appellate Court of Illinois held only that it was unconstitutional for Illinois to introduce and comment upon evidence relating to petitioner's exercise of his right to counsel. 111 Ill.App.3d at 570–571, 67 Ill.Dec. 373, 444 N.E.2d 609. Nevertheless the court concluded that while admission of evidence concerning the petitioner's post-arrest requests for an attorney was an error of constitutional magnitude, it was harmless beyond a reasonable doubt. As the court stated:

> We note first that this was a lengthy trial where voluminous evidence was presented by both the defense and the State. The trial spanned a two-week period and generated nearly 2,000 pages of trial and pretrial transcripts. The parties presented and examined 30 witnesses, including seven expert medical experts. Also, additional potential witnesses were not called because the parties stipulated as to the nature of their respective testimony. The defense had the opportunity to present an exhaustive amount of testimony through both lay and expert witnesses regarding the defendant's mental condition and to extensively cross-examine the State's witnesses. Ultimately, a vast amount of evidence was presented by both the defense and the prosecution concerning the issue of the defendant's mental state. 111 Ill. App.3d at 570–571, 67 Ill.Dec. 373, 444 N.E.2d 609.

Subsequently the court concluded that this was harmless error because "where this evidence was isolated in a lengthy trial and there was an exhaustive amount of evidence on both sides of the insanity issue, we do not believe this evidence [request for an attorney] had a significant impact on the minds of the jury." 111 Ill.App.3d at 572, 67 Ill.Dec. 373, 444 N.E.2d 609.

In *Sulie v. Duckworth*, 689 F.2d 128 (7th Cir.1982) (*Sulie I*), certiorari denied, 460 U.S. 1043, 103 S.Ct. 1439, 75 L.Ed.2d 796,

---

1. The opinion and order denying habeas corpus are reproduced as an appendix to petitioner's brief in this Court.

2. See 111 Ill.App.3d at 563–564, 67 Ill.Dec. 373, 444 N.E.2d 609.

we held it was permissible for the state to adduce a defendant's request for counsel to show sanity, as was done here. Then in 1986, in *Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986), for the first time the Supreme Court applied *Doyle* to requests for an attorney. *Id.* at 295 and n. 13, 106 S.Ct. at 640 and n. 13.[3] *Greenfield* cited *Vanda* with approval and held that under the due process clause of the Fourteenth Amendment a defendant's request for an attorney could not be used to prove a defendant's sanity. *Id.* at 295 and n. 14, 106 S.Ct. at 640–41 and n. 14. Along came *Sulie II*, 864 F.2d 1348 (1988), where we held that *Greenfield* applies retroactively. *Sulie v. Duckworth*, 864 F.2d 1348, 1356 (7th Cir.1988) (*Sulie II*). Subsequently, the Supreme Court squarely held that a new rule of constitutional law is not to be applied in a habeas corpus case. *E.g.*, *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Butler v. McKellar*, 494 U.S. 407, 110 S.Ct. 1212, 108 L.Ed.2d 347 (1990), so that *Sulie II* has been overruled by implication, a question we reserved in *Thomas v. Indiana*, 910 F.2d 1413, 1415 (7th Cir. 1990). Therefore, as in *Sulie I*, the references to Vanda's requests for counsel did not constitute reversible error.

Like the Appellate Court of Illinois, the district judge concluded that the *Doyle* violation caused by one reference to petitioner's silence (R. 1401) constituted harmless error, stating:

> Finally, the evidence introduced as to Vanda's sanity was extensive. Vanda and the State presented the testimony of eight expert witnesses as to Vanda's mental condition. The other evidence as to Vanda's sanity was also extensive, including testimony relating to his early childhood and the letter he authored on [how to fabricate a good] * * * insanity defense while incarcerated at Cook County Jail. Accordingly, the court finds that the prosecution's [single] reference to Vanda's post–*Miranda* silence was harm-

less error beyond a reasonable doubt. (758 F.Supp. at 1257–58.)

However, Judge Alesia concluded that *Wainwright v. Greenfield* established a new rule in 1986 as to requests for counsel and was therefore not retroactive and not applicable to this 1977 trial. Consequently the district judge refused to hold the references to petitioner's request for counsel as unconstitutional.

■ We agree with the district court that *Wainwright v. Greenfield* established a new rule which is not retroactive and that the prosecution's violation of *Doyle v. Ohio* was harmless error. Since there was only one violation of *Doyle*, like the Appellate Court of Illinois, we conclude that this reference was harmless error beyond a reasonable doubt under *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The state presented the testimony of eight experts covering hundreds of transcript pages and based on petitioner's entire life history. The two defense experts contradicted each other as to Vanda's supposed mental defect and their opinion on his sanity at the time of the offense was contradicted by the prosecution's experts. The state also introduced the testimony of Vanda's cellmate that Vanda said he would beat his Bowers murder charge through an insanity defense and advised the cellmate how to respond to psychiatric interviews. He even gave the cellmate a letter entitled "How to beat a murder rap by insanity" and recommended that an accused should pretend to hear voices urging harming others and should expose oneself during an interview. He himself had successfully presented an insanity defense as to his 1971 murder of a fifteen-year-old girl. He also requested the same lawyer who had successfully handled his insanity defense to that murder to represent him here. In his interview with experts as to the 1977 Bowers murder, he followed the tactics mentioned in the letter to his cellmate.

---

**3.** See also concurring opinion of Justice Rehnquist joined by the Chief Justice. 474 U.S. at 297, 106 S.Ct. at 641.

Vanda also told an attorney who interviewed him concerning the 1971 murder that he wished to delay that trial because the longer he remained in a mental health facility the better his insanity defense would appear. Those who had contacts with him after the 1977 murder did not find him out of touch with reality or non-responsive. No hallucinations were observed. His contacts with the 1977 prosecutor were rational and acquaintances described his behavior as normal before the 1977 crime. His requests to see a lawyer after the 1977 Bowers murder also evince rationality. As petitioner himself has admitted, his request to see a lawyer before talking to authorities about the 1977 crime "tended to show that Vanda was functional, critical, and sane" (Br. 18).

■ We agree with the district court that *Greenfield* is not retroactive and with the Appellate Court of Illinois that in view of the overwhelming evidence of guilt the *Doyle* transgression was harmless beyond a reasonable doubt. Therefore the judgment of the district court is affirmed.