Michael R. LYNCH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 20S03–9403–CR–280.

Supreme Court of Indiana.

March 24, 1994.

Thomas A. Murto, Murto & Holbrook, Goshen, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

We reversed Michael Lynch's conviction by a divided vote. *Lynch v. State* (1991), Ind., 571 N.E.2d 537. Though this author dissented on that occasion, the issues in this appeal lead us to conclude with regret that the case must be tried again. At Lynch's second trial, a tape of his initial police interrogation was admitted over defense counsel's objections. When the tape was admitted, the judge instructed the jury that the tape was to be used for the limited purpose of establishing the "state of mind of the defendant on the early morning hours of January 13th and for that reason alone." R. at 902. The record discloses, and the State concedes, that at several points during the taped conversation there were discussions regarding Lynch's *Miranda* rights and that at one point Lynch invoked his right not to be questioned without an attorney present, at which time the interrogation was cut off. R. at 872–77, 901–02. The State also concedes that the contents of the tape (including the invocation of the right to an attorney) were submitted to establish Lynch's sanity. R. at 874. Sanity was a central issue in the trial, as demonstrated by the fact that Lynch was ultimately found guilty but mentally ill. The Court of Appeals affirmed. *Lynch v. State,* 620 N.E.2d 754 (Ind.App., 1993). We grant transfer.

Simply put, publication to the jury of that portion of the tape which contained Lynch's discussion of his *Miranda* rights and his invocation of the right to be questioned only in the presence of an attorney was error

in direct contravention of the holdings of this Court and of the United States Supreme Court.

In *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976), the U.S. Supreme Court held that a state violates a criminal defendant's due process rights when it uses the defendant's silence after a *Miranda* warning to impeach him at trial. The Court grounded its opinion on two distinct rationales. First, it stated that a person's decision to remain silent after being advised of his *Miranda* rights is "insolubly ambiguous" evidence. *Id.* at 617, 96 S.Ct. at 2244. Second, the Court emphasized that the use of such silence for impeachment purposes is fundamentally unfair given that the *Miranda* warnings carry with them an implicit assurance that a person will not be penalized at trial for the exercise of those rights. *Id.* at 618, 96 S.Ct. at 2245. Subsequent cases have made clear, however, that it is not the ambiguity of the silence but the fundamental unfairness which is of primary importance. *Wainwright v. Greenfield,* 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986); *Brecht v. Abrahamson,* — U.S. ——, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993).

After *Doyle,* this Court was presented with the question of whether a criminal defendant's exercise of *Miranda* rights after receiving the warning could be introduced at trial as evidence of sanity. As the Attorney General points out, our dicta in *Turner v. State* (1981), Ind., 428 N.E.2d 1244, seemingly resolved this question in favor of the State. Noting that the fact that defendant "had the presence of mind to request an attorney" has a "logical relevance" to the question of sanity, we rejected the claim of fundamental unfairness and allowed the evidence. *Id.* at 1247. The Seventh Circuit ultimately joined us in this conclusion. *See Sulie v. Duckworth,* 689 F.2d 128 (7th Cir.1982), *cert. denied,* 460 U.S. 1043, 103 S.Ct. 1439, 75 L.Ed.2d 796 (1983). Other courts, however, arrived at a contrary conclusion. *See, e.g., State v. Burwick,* 442 So.2d 944 (Fla.1983), *cert. denied,* 466 U.S. 931, 104 S.Ct. 1719, 80 L.Ed.2d 191 (1984).

In its 1986 opinion in *Wainwright v. Greenfield,* 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 the Supreme Court resolved this conflict. Building on *Doyle,* it held that a criminal defendant's post-*Miranda* warning request to talk to an attorney before making any statement could not be used at trial as evidence of the defendant's sanity. The Court said:

> The point of the *Doyle* holding is that it is fundamentally unfair to promise an arrested person that his silence will not be used against him and thereafter to breach that promise by using the silence to impeach his trial testimony. It is equally unfair to breach that promise by using silence to overcome a defendant's plea of insanity. In both situations, the State gives warnings to protect constitutional rights and implicitly promises that any exercise of those rights will not be penalized.

*Wainwright,* 474 U.S. at 292, 106 S.Ct. at 639.

The *Wainwright* case drew a concurrence from Justice Rehnquist who complained that the opinion worked an unwarranted expansion of *Doyle* by extending protection for silence to include requests for counsel. *Id.* at 296, 106 S.Ct. at 641 (Rehnquist, J., concurring in result). Of course, disagreements have continued about the admissibility of various statements, such as a defendant's statement that he elects to waive his *Miranda* rights, *People v. Aliwoli,* 238 Ill.App.3d 602, 179 Ill.Dec. 515, 606 N.E.2d 347 (1992), *appeal denied,* 148 Ill.2d 644, 183 Ill.Dec. 23, 610 N.E.2d 1267 (1993). It is now well established, however, that a post-*Miranda* request for counsel may not be used to show sanity. *See, e.g., Vanda v. Lane,* 962 F.2d 583 (7th Cir.), *cert. denied,* — U.S. ——, 113 S.Ct. 254, 121 L.Ed.2d 186 (1992); *State v. Rogers,* 32 Ohio St.3d 70, 512 N.E.2d 581 *cert. denied,* 484 U.S. 958, 108 S.Ct. 358, 98 L.Ed.2d 383 (1987).

Appellant properly relies on *Wilson v. State* (1987), Ind., 514 N.E.2d 282, a case in which we acknowledged the effect of *Wainwright* on Indiana practice. In *Wilson,* the prosecutor attempted to demonstrate the defendant's sanity by disclosing that the defendant had responded to an interrogating officer's question by stating "I won't answer any more questions. I won't answer any more

questions." *Id.* at 283. The prosecutor then commented to the jury that the response "[s]hows you that he knew, he understood what Sergeant Payne was saying." *Id.* On appeal, we concluded:

> The record before us demonstrates that the error was fundamental.... Applying the pronouncements in [*Wainwright*], as we must, the admission of evidence and prosecutor's closing argument thereon must now be deemed as a violation of defendant's constitutional rights to silence and counsel. Considering the jury's ultimate determination that the defendant was mentally ill but able to appreciate the wrongfulness of his conduct, the potential for harm is substantial.

*Id.* at 284. We also specifically rejected the State's argument that *Wainwright* effected a change in prevailing law only as pertains to "silence" and not to "what the defendant said." *Id.*

In the present case, "what the defendant said" about his *Miranda* rights, including an invocation of his right to remain silent until accompanied by an attorney, was clearly contained on the tape played to the jury. We note that the Court in *Wainwright* commented that "the State's legitimate interest in proving that the defendant's behavior appeared to be rational at the time of his arrest could have been served by carefully framed questions that avoided any mention of the defendant's exercise of his constitutional rights to remain silent and to consult counsel." *Wainwright*, 474 U.S. at 295, 106 S.Ct. at 640; *see also Commonwealth v. Hunsberger*, 523 Pa. 92, 565 A.2d 152 (1989). Here, the playing of the entire tape does not reflect a "carefully framed" effort. Moreover, as in *Wilson*, the potential for harm was substantial.

 Though *Wainwright* and *Wilson* require reversal and a new trial, we elect to address an issue which might well be presented during re-trial: Lynch's contention that his statement was not voluntary and that the whole statement is inadmissible on Fifth Amendment grounds. Such claims are reviewed considering the totality of the circumstances, based on a review of the entire record. *Blackburn v. Alabama*, 361 U.S.

199, 80 S.Ct. 274, 4 L.Ed.2d 242 (1960). The inquiry focuses on whether the defendant's "capacity for self-determination [has been] critically impaired," *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S.Ct. 1860, 1879, 6 L.Ed.2d 1037 (1961), and whether the alleged coercive police activity overbore the defendant's will. *Colorado v. Connelly*, 479 U.S. 157, 167, 107 S.Ct. 515, 521, 93 L.Ed.2d 473 (1986).

The interrogation of Lynch commenced with this dialogue:

Q: You do understand what your rights are, right?

A: Yeah.

Q: Do you want to sign this, that you do understand your rights?

A: It (inaudible) it says, it said something that....

Q: That you didn't like, or didn't (inaudible)

A: Didn't like.

Q: Ok, but you do understand your rights, but you just don't want to sign the form?

A: I just don't want to sign no form, because it said something that I didn't like.

Q: Sure, that's no problem. I have no problem with that. As long as you, as long as you understand your rights, you know, that's all that really matters.

A: Said something (inaudible) What is that word there?

Q: Waiver.

A: Waiver, yeah, waiver your rights.

Q: Ok, that's fine, you know, as long as you understand your rights, that what I want you to be aware of first, you know, because I want to be fair.

A: I sure don't (inaudible) I don't want to waiver my rights.

Q: No, I don't blame you one bit. Can you tell me what went on tonight at the house, Mike, at your dad's house?

A: (Inaudible) I was out hunting....

We are satisfied that the interrogator here misled Lynch about the meaning and consequences of "waiver" and that such behavior by the interrogator led to the subsequent

statement. We thus hold that the whole statement is inadmissible under the Fifth Amendment.

Accordingly, Lynch's conviction is reversed, and the case is remanded for a new trial.

DEBRULER, GIVAN, DICKSON and SULLIVAN, JJ., concur.