**Theodore Abbott JONES,
Petitioner–Appellant,**

v.

**Gary STOTTS, Mike Nelson, and
Attorney General of Kansas,
Respondents–Appellees.**

No. 94–3269.

United States Court of Appeals,
Tenth Circuit.

July 6, 1995.

Michael S. Holland, Russell, KS, for petitioner-appellant.

Kyle G. Smith, Asst. Atty. Gen., Kansas Bureau of Investigation, Topeka, KS, for respondents-appellees.

Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.

KANE, Senior District Judge.

Petitioner Theodore Abbott Jones appeals from an order of the district court denying his petition for habeas relief filed pursuant to 28 U.S.C. § 2254. *See Jones v. Stotts,* 859 F.Supp. 1376 (D.Kan.1994). We affirm.[1]

In 1986, petitioner was convicted of second degree murder and attempted voluntary manslaughter. He was sentenced to concurrent terms of twelve years to life on the murder conviction and two to seven years on the attempted manslaughter conviction.

In his petition, Mr. Jones alleged ineffective assistance of trial counsel. Mr. Jones further alleged that even if the individual

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

errors allegedly committed by counsel did not rise to the level of ineffective assistance, considered cumulatively, the errors amounted to ineffective assistance such that he was denied a fair trial. On appeal, Mr. Jones argues the district court erred in holding his allegations to be without merit.

"To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial. The performance and prejudice components of the *Strickland* [*v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984) ] analysis present mixed questions of law and fact which we review de novo." *Banks v. Reynolds,* 54 F.3d 1508, 1515 (10th Cir.1995) (quotations and citations omitted).

▮ Mr. Jones argues counsel was ineffective because counsel should have objected to the wording of a jury instruction addressing his theory that he had shot the victims in self-defense.[2] Mr. Jones argues the instruction violated Kan.Stat.Ann. § 21–3211[3] because, by using the word "immediate" rather than "imminent," the jury was constrained in its consideration of the danger Mr. Jones perceived he faced.

The Kansas Supreme Court has held use of the word "immediate" rather than "imminent" in a self-defense instruction to be reversible error only in the domestic violence situation. In that situation, use of the word "immediate" prevented the jury from considering the effects of abuse on the defendant-battered victim, a consideration critical to the jury's determination of the defendant's perception of her need to defend herself. *See State v. Hodges,* 239 Kan. 63, 716 P.2d 563,

565–67, 570–71 (1986) ("immediate" "obliterates" jury's consideration of "the build-up of terror and fear the decedent systematically injected into the relationship over a long period of time" (approximately twenty years); "imminent" allows jury to consider history of violence *and* events just prior to the shooting); *State v. Osbey,* 238 Kan. 280, 710 P.2d 676, 677, 679–80 (1985) ("immediate" prevented jury from considering two-year history of violence by decedent toward defendant); *State v. Hundley,* 236 Kan. 461, 693 P.2d 475, 478–80 (1985) ("immediate" permitted jury to consider only events immediately preceding killing, rather than "prior, long-term [ten-year] cruel and violent actions of the deceased toward appellant, which are clearly relevant to the question of self-defense").

As the state court held, Mr. Jones' situation is not analogous and these cases are inapposite. *See* Petitioner's App. at L–99 (*Jones v. State,* 840 P.2d 557 (Kan.Ct.App. Nov. 13, 1992) (table), *review denied,* (Dec. 23, 1992)). The court noted that (1) Mr. Jones had shown no history of violent abuse over a period of time as he had arrived in town only three days before the shooting; (2) Mr. Jones presented no evidence that before the shooting, he had feared the victims or perceived threats from them; and (3) Mr. Jones had testified he had never thought about killing the deceased and he had never seen either victim with a gun. *Id.* No error occurred.

▮ Mr. Jones next argues counsel was ineffective because he did not request an additional instruction on self-defense. This was necessary, he argues, because the prof-

---

2. We note that Mr. Jones alleges counsel committed errors of state law as well as federal constitutional errors. Generally, an error of state law "provide[s] no basis for federal habeas relief." *Estelle v. McGuire,* 502 U.S. 62, 68 n. 2, 112 S.Ct. 475, 480 n. 2, 116 L.Ed.2d 385 (1991). However, the errors raised to support a claim of ineffective assistance may assert either federal law or state law violations. *See Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 81, 130 L.Ed.2d 35 (1994); *cf. Kimmelman v. Morrison,* 477 U.S. 365, 375, 382–83, 106 S.Ct. 2574, 2582, 2586–87, 91 L.Ed.2d 305 (1986) (while petitioner may not raise Fourth Amendment claim on collateral at-

tack if State has provided full and fair litigation of issue, *Stone v. Powell,* 428 U.S. 465, 494–95, 96 S.Ct. 3037, 3052–53, 49 L.Ed.2d 1067 (1976), he may raise it to support ineffective assistance of counsel claim).

3. Kan.Stat.Ann. § 21–3211 provides that "[a] person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force."

fered instruction did not mention that Mr. Jones did not have to prove the defense and, thereby, permitted the jury to believe the burden of proof had shifted to Mr. Jones. On federal habeas, a state conviction may be set aside because of erroneous jury instructions only when the error denied the defendant a fair trial. *Maes v. Thomas,* 46 F.3d 979, 984 (10th Cir.), *cert. denied,* — U.S. —, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995). The instructions given included one clearly placing the burden of proof on the state. *See* Petitioner's App. at E–58 (law does not require defendant to prove his innocence; accordingly, jury must assume defendant innocent unless convinced of guilt considering totality of evidence). This instruction sufficiently ensured the jury knew the burden of proof remained with the prosecution.

■ Mr. Jones argues counsel should have filed a motion in limine to prohibit all references to his request for counsel at trial. "A motion *in limine* is a request for guidance by the court regarding an evidentiary question," which the court may provide at its discretion to aid the parties in formulating trial strategy. *United States v. Luce,* 713 F.2d 1236, 1239 (6th Cir.1983), *aff'd,* 469 U.S. 38, 105 S.Ct. 460, 83 L.Ed.2d 443 (1984); *see also United States v. Yannott,* 42 F.3d 999, 1007 (6th Cir.1994) (court's ruling on motion in limine is a preliminary or advisory opinion entirely within the discretion of the court which may aid the parties in formulating their trial strategy), *cert. denied,* — U.S. —, 115 S.Ct. 1172, 130 L.Ed.2d 1125 (1995). Also, the district court may change its ruling at any time for whatever reason it deems appropriate. *See Yannott,* 42 F.3d at 1007; *see also Luce,* 469 U.S. at 41–42, 105 S.Ct. at 463–64.

■ Considering that a motion in limine is sought to aid counsel in formulating his trial strategy, the decision regarding whether to file such a motion is clearly part of the process of establishing trial strategy. A defendant may prevail on an ineffective assistance claim relating to trial strategy only if he can show counsel's strategy decisions would not be considered sound. *See Strickland,* 466 U.S. at 689, 104 S.Ct. at 2065 (when examining counsel's conduct pursuant to a claim of ineffective assistance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." (quotation omitted)).

■ Mr. Jones argues counsel should have objected at trial when the state referred to the fact he had exercised his Fifth Amendment right to remain silent. This error allegedly occurred when a witness mentioned that Mr. Jones had requested counsel.

■ The state may not use a defendant's exercise of his right to remain silent to obtain his conviction. *Wainwright v. Greenfield,* 474 U.S. 284, 292, 106 S.Ct. 634, 639, 88 L.Ed.2d 623 (1986); *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 2245, 49 L.Ed.2d 91 (1976). A defendant's exercise of his right to remain silent includes the defendant's expressed desire to remain silent until counsel has been consulted. *Wainwright,* 474 U.S. at 295 n. 13, 106 S.Ct. at 640 n. 13.

■ However, mere mention of a defendant's request for counsel is not per se prohibited; rather, it is the prosecutor's exploitation of a defendant's exercise of his right to silence which is prohibited. *See Lindgren v. Lane,* 925 F.2d 198, 202 (7th Cir.), *cert. denied,* 502 U.S. 831, 112 S.Ct. 105, 116 L.Ed.2d 74 (1991); *see also Sulie v. Duckworth,* 864 F.2d 1348, 1350 (7th Cir.1988) (state used defendant's request for counsel to prove defendant had the ability to understand and reason, thus contesting defendant's defense of insanity), *cert. denied,* 493 U.S. 828, 110 S.Ct. 93, 107 L.Ed.2d 58 (1989), *overruled by implication on other grounds, Vanda v. Lane,* 962 F.2d 583, 585 (7th Cir.) (*Sulie's* reliance on *Wainwright* impermissible because *Wainwright* introduced a new rule of law and could not be applied retroactively), *cert. denied,* — U.S. —, 113 S.Ct. 254, 121 L.Ed.2d 186 (1992).

Because of the limited information provided in the record on appeal, we cannot determine whether counsel's failure to object to the admission of the allegedly tainted evi-

dence constituted an error on his part. Thus, we rely on *Strickland*'s prejudice prong and hold that, even if the admission of the evidence violated Mr. Jones' constitutional rights, Mr. Jones failed to demonstrate that there is a reasonable possibility that the admission of the evidence contributed to his conviction. *See Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside a judgment of a criminal proceeding if the error had no effect on the judgment.").

As we consider the instant case in the context of an ineffective assistance of counsel claim, Mr. Jones has the burden of demonstrating that counsel's error in not objecting to the evidence was such that "there is a reasonable probability [that], but for counsel's unprofessional error, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068. Mr. Jones has failed to meet that burden. Thus we do not find that his counsel's failure to object to the admission of his request for an attorney constituted ineffective assistance of counsel.

Finally, Mr. Jones argues that the above alleged errors, considered cumulatively, amounted to ineffective assistance of counsel. Based on our determination that none of the issues raised by Mr. Jones could be considered error, the cumulative error analysis does not apply. *See United States v. Rivera,* 900 F.2d 1462, 1471 (10th Cir.1990) (cumulative-error analysis evaluates only effect of matters determined to be error, not cumulative effect of non-errors).

We conclude that because none of the issues Mr. Jones raised amounted to error, counsel did not provide ineffective assistance. *See Bolender v. Singletary,* 16 F.3d 1547, 1573 (11th Cir.) (counsel's failure to pursue "nonmeritorious issues does not constitute ineffective assistance"), *cert. denied,* —— U.S. ——, 115 S.Ct. 589, 130 L.Ed.2d 502 (1994). The judgment of the United States District Court for the District of Kansas is AFFIRMED.