**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 17 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

WILLIAM THOMAS LAWRENCE,

Defendant-Appellant.

No. 97-5209
(D.C. No. CIV-97-404-C)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **BRORBY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.

William Lawrence, a federal inmate appearing pro se, seeks a certificate of appealability to appeal the district court's dismissal of his motion to vacate, set

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255. Because

Lawrence has failed to make "a substantial showing of the denial of a

constitutional right," 28 U.S.C. § 2253(c)(2), we deny his request for a certificate

of appealability and dismiss the appeal.

Lawrence was convicted of conspiracy to possess with intent to distribute

cocaine and to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 984(a)(1).

He was sentenced to 262 months' imprisonment and five years' supervised

release. His conviction and sentence were affirmed on appeal. See United States

v. Edwards , 69 F.3d 419 (10th Cir. 1995). In his § 2255, Lawrence claimed he

received ineffective assistance of counsel by counsel's (1) failure to challenge

several unsigned affidavits seeking a wiretap and unsigned order authorizing use

of the wiretap, and (2) failure to impeach a government witness who testified at

trial that he had prepared and signed an affidavit seeking the wiretap. [1]

To prevail on his ineffective assistance of counsel claim, Lawrence must

---

[1] Lawrence also claimed (1) a government chemist who testified at his trial
falsified lab reports; (2) his counsel was ineffective for failing to challenge the
government's videotape evidence; and (3) his counsel was ineffective for failing
to investigate government agents' perjured testimony. Lawrence raised these
issues in his motion attacking his sentence and conviction, but he did not raise the
issues in his supporting brief filed in district court. The district court noted
Lawrence had apparently abandoned the issues and ruled even if abandonment did
not occur, all of the issues were without merit. By failing to raise these additional
claims in his brief filed in district court, Lawrence abandoned the issues and we
will not consider them on appeal. See O'Connor v. City & County of Denver , 894
F.2d 1210, 1214 (10th Cir. 1990).

demonstrate (1) counsel's performance was constitutionally deficient, i.e., it fell below an objective standard of reasonableness, Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Williamson v. Ward, 110 F.3d 1508, 1514 (10th Cir. 1997).

Lawrence's trial counsel challenged the government's use of evidence obtained from the wiretap by filing a motion to suppress, which was denied by the district court. He also challenged the wiretap on direct appeal. Lawrence's appellate counsel argued the wiretap application and order were invalid because the district attorney who applied for the wiretap order did not have jurisdiction to do so, the wiretap application contained an insufficient showing of requisite necessity for interception of communications, and the government failed to minimize the number of telephone conversations monitored. Lawrence now argues his trial and appellate counsel were ineffective for failing to challenge the wiretap on different grounds, namely that the government officials involved in its procurement failed to sign the appropriate documents.

The wiretap was examined by this court and determined to be lawful in Lawrence's direct appeal. See Edwards, 69 F.3d at 430. Specifically, we stated the "wiretap order was issued pursuant to the Oklahoma wiretap statute." Id. at

429. Lawrence's present challenge regarding whether supporting affidavits and the wire tap order itself were signed appears to arise out of his reliance on unsigned copies that were provided to him. Since the wiretap application was examined and determined to be valid by this court on direct appeal, Lawrence's counsel was not ineffective for failing to challenge whether the supporting affidavits and order were signed. See Jones v. Stotts, 59 F.3d 143, 147 (10th Cir. 1995) ("We conclude that because none of the issues Mr. Jones raised amounted to error, counsel did not provide ineffective assistance.")

Moreover, Lawrence has not demonstrated his trial counsel was ineffective for failing to impeach a government witness about the unsigned affidavits. He has failed to identify the government witness who should have been impeached, when this unnamed individual allegedly committed perjury during the trial, and what prejudice was suffered as a result of his attorney's failure to question the official about his failure to sign the affidavits.

The request for a certificate of appealability is DENIED and this appeal is DISMISSED. The mandate shall issue forthwith.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-4-