Mark E. HENRY, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 45S00–9810–CR–558.

Supreme Court of Indiana.

Nov. 16, 2000.

Marce Gonzalez, Jr., Merrillville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Janet Brown Mallett, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

RUCKER, Justice

A jury convicted Mark Henry of murder in the stabbing death of antique storeowner Carol Nelson. The trial court sentenced him to sixty-five years imprisonment. In this direct appeal, Henry raises one issue for our review: did the trial court err by admitting Henry's confession into evidence? We find no error and therefore affirm.

## Facts

The facts most favorable to the verdict show that on August 5, 1997, Henry entered an antique store in Hobart, Indiana. An elderly couple, Carol and William Nelson, owned the store. Alone at the time, Mrs. Nelson became engaged in an argument with Henry. Wielding a carpenter's knife, Henry slit Mrs. Nelson's throat, emptied the cash register, and left. Afterwards Henry fled to Wisconsin driving a sports utility vehicle that his girlfriend had reported stolen. Wisconsin authorities arrested Henry for the stolen vehicle after he led them on a two-hour, high-speed chase. Officers of the Hobart Police Department later went to Wisconsin and questioned Henry about the antique store killing. After a short interview, Henry confessed to the crime telling the officers that he had gone to the store to sell an antique rocker and "he got into an argument with the gray haired lady wearing glasses there ....[,] a scuffle ensued[,] and [ ] he cut her." R. at 437. Henry then "took money from the register and left." *Id.* Thereafter, Henry was arrested and charged with murder. Prior to trial Henry filed a motion to suppress the statement, which the trial court denied. At trial the statement was admitted into evidence over Henry's timely objection. The jury convicted Henry as charged, and the trial court sentenced him to an enhanced term of sixty-five years. This direct appeal followed. Additional facts are set forth below.

## Discussion

■ Henry contends the interrogating officer obtained his confession solely through deceit and thus the trial court erred by admitting it into evidence. When a defendant challenges the admissibility of his confession, the State must prove beyond a reasonable doubt that the confession was given voluntarily. *Carter v. State,* 730 N.E.2d 155, 157 (Ind.2000); *Schmitt v. State,* 730 N.E.2d 147, 148 (Ind. 2000).[1] The voluntariness of a confession is determined from the "totality of the circumstances." *Berry v. State,* 703 N.E.2d 154, 157 (Ind.1998). The "totality of the circumstances" test focuses on the entire interrogation, not on any single act by police or condition of the suspect. *Light v. State,* 547 N.E.2d 1073, 1079 (Ind. 1989). We review the record for evidence of inducement by way of violence, threats, promises, or other improper influences. *Berry,* 703 N.E.2d at 157.

■ The record shows that during the police interrogation, officers informed Henry that his fingerprints were found at the scene of the crime and that someone present in the basement of the antique store identified Henry as the person who killed Mrs. Nelson. R. at 459–60. Neither statement was true. While not condoning such tactics, this Court has upheld the trial court's admission of a defendant's statement into evidence on facts more egregious than those presented here. *See Light,* 547 N.E.2d at 1079 (holding that the trial court did not err by admitting defendant's statement despite evidence of a four-hour interrogation punctuated by conduct of the interrogators involving cursing, lying, and smacking the defendant on the arm). Henry acknowledges *Light* but urges us to revisit that decision and "announce a bright line rule which would render inadmissible[ ] a confession obtained solely by deceitful police activity." Brief of Appellant at 9.

■ We see no reason in this case to depart from the "totality of the circumstances" test and thus decline Henry's in-

---

**1.** We note that the U.S. Constitution requires the State to prove only by a preponderance of the evidence that a defendant's confession was voluntarily given. *Smith v. State,* 689 N.E.2d 1238, 1246–47 n. 11 (Ind.1997) (citing *Colorado v. Connelly,* 479 U.S. 157, 167–69, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *Lego v.* *Twomey,* 404 U.S. 477, 488–89, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972)). However, in Indiana we require the State to prove the voluntariness of a confession beyond a reasonable doubt, and trial courts are bound to apply this standard when evaluating such claims.

vitation. Although we continue to disapprove of deceptive police interrogation tactics, such conduct is not conclusive but rather weighs heavily against the voluntariness of the defendant's confession. *Heavrin v. State,* 675 N.E.2d 1075, 1080 (Ind.1996). In the end, we must determine whether the police conduct overbore Henry's will, thus rendering his statement involuntary. *Lynch v. State,* 632 N.E.2d 341, 343 (Ind.1994).

The record shows, and the trial court found, that Henry is a carpenter by trade and of average intelligence; the interrogation was very brief (lasting approximately one hour); Henry was Mirandized three times; after being Mirandized on the third occasion, Henry indicated that he understood his rights; the police made no threats or promises to Henry; Henry did not ask for an attorney;[2] and he was not intoxicated or sleep-deprived. R. at 256–59. Balanced against the officer's obvious deception, these facts tip the scales in favor of the conclusion that Henry's statement was not involuntary. We also observe that Henry actually gave two incriminating statements: the first, unrecorded and accompanied by police deceit; the second, audiotaped with no hint of police deception. It was the second, audiotaped confession, that was admitted into evidence. R. at 439. We have held "even if the earlier statements were the result of an improper custodial interrogation, the results of this later station-house interrogation, where [the defendant] had been properly apprised of his rights, would remain admissible." *Deckard v. State,* 670 N.E.2d 1, 6 (Ind.1996). For this additional reason, the trial court did not err by admitting Henry's confession into evidence.

**2.** Henry takes issue with the trial court's findings that he did not ask for an attorney. However, the record shows the following exchange between the deputy prosecutor and the interrogating officer: "Q. Referring to the statement that you took from Mark Henry on the 7th. At any time, did Mark Henry ask you

### Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON and BOEHM, JJ., concur.

SULLIVAN, J., concurs in result without separate opinion.

for an attorney? A. He did not.... Q. Did you ever tell him that he doesn't need an attorney? A. No." R. at 239. Although Henry disputes the officer's claim, it is for the trial court and not this Court to judge witness credibility.