FILED
United States Court of Appeals
Tenth Circuit

February 2, 2018

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

v.

TIMOTHY JAMES TUCKER,

            Defendant - Appellant.

No. 17-1398
(D.C. Nos. 1:17-CV-01087-CMA and
1:14-CR-00402-CMA-1)
(D. Colo.)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY**

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

From early 2010 to late 2013, Timothy James Tucker defrauded 22 victims of over

$1.6 million. He did so by falsely claiming he could obtain multi-million dollar loans to

fund their investment projects. He required the victims to advance him fees, promising to

use them for underwriting, due diligence, and closing costs. He did not use the fees as

promised, nor did he obtain the desired loans. He pled guilty to one count of wire fraud

in violation of 18 U.S.C. § 1343 and one count of engaging in a monetary transaction in

property derived from wire fraud in violation of 18 U.S.C. § 1957. He was sentenced to

78 months' imprisonment. He did not file a direct appeal.

His 28 U.S.C. § 2255 motion claimed trial counsel was ineffective for failing to

(1) form a meaningful and close working relationship with him, (2) communicate all evidence against him, (3) determine mitigating circumstances, (4) interview potential witnesses, (5) file meaningful pretrial motions, (6) object throughout the proceedings, and (7) effectively represent him before or during sentencing. He also argued the government had failed to set forth a factual basis for his guilty plea as required by Fed. R. Crim. P. 11(b)(3). The judge denied the motion.

She decided his first two allegations of ineffective assistance of counsel were too conclusory to support his claim: "Tucker does not explain what he means by a 'meaningful and close' relationship, what evidence was not shared with him, or how his meetings or interviews with his attorney were inadequate." (R. Vol. 2 at 334.) *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (summarily rejecting ineffective assistance of counsel arguments which were conclusory and without factual support). These allegations were also belied by his affirmative statements at the change of plea hearing that he and his attorney had adequately discussed the charges against him and the substance of his plea agreement.

The remaining allegations, she decided, were strategic and Tucker had not adequately demonstrated how they were objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984) (to establish an ineffective assistance of counsel claim, "the defendant must show that counsel's representation fell below an objective standard of reasonableness"); *see also Jones v. Stotts*, 59 F.3d 143, 146 (10th Cir. 1995) ("A defendant may prevail on an ineffective assistance claim relating to trial strategy only if he can show counsel's strategy decisions would not be considered sound.").

While he cited numerous cases, he did not connect them to the facts of his case. She also found these allegations "speculative at best":

> He provides this Court with no examples of witnesses who should have been interviewed or evidence that should have been investigated. Nor does he explain what "mitigating circumstances" were neglected or what motions were overlooked. Indeed, the docket reflects that [his] attorney filed multiple pre-trial and sentencing motions on [his] behalf, including a Motion for a Bill of Particulars, a Motion for a *James* Hearing, an Objection to the Presentence Report, and a Motion for a Non-Guideline Sentence.

(R. Vol. 2 at 333-34.)

The judge also concluded Tucker had not shown prejudice from counsel's performance. *See Strickland*, 466 U.S. at 694 (to establish an ineffective assistance of counsel claim, the defendant must also show he was prejudiced, i.e., "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different"). "Mr. Tucker does not provide any evidence regarding how a different trial strategy or increased client communication might have led him not to plead guilty, be acquitted after a jury trial, or receive a lower sentence." (R. Vol. 2 at 335.)

With respect to Tucker's claim that the government had not provided a factual basis for his guilty plea, the judge decided it was procedurally defaulted because he had not raised the claim on direct appeal and had not established cause or prejudice excusing the default or that a miscarriage of justice would result if the claim was not addressed.[1]

---

[1] In his plea agreement, Tucker waived his right to collaterally attack his conviction or sentence via a § 2255 motion unless he was "deprived of the effective assistance of counsel." (R. Vol. 1 at 55.) The judge did not rely on this waiver, however,

*See United States v. McGaughy*, 670 F.3d 1149, 1159 (10th Cir. 2012) ("[A] § 2255 motion is not available to test the legality of a matter which should have been raised on direct appeal"; "[w]hen a defendant fails to raise an issue on direct appeal, he is barred from raising it in a § 2255 motion unless he can show cause excusing his procedural default and actual prejudice resulting from the errors of which he complains, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed" (quotation marks omitted)). Nevertheless, "out of an abundance of caution," she addressed the merits of the claim and found it wanting. (R. Vol. 2 at 337.)

The plea agreement set forth the factual basis of each charge and the evidence against him. She found the plea agreement to be "thorough and comprehensive, detailing [his] two-year long financial scheme[2] to defraud individuals and entities of well over a million dollars and his efforts to profit from the fraud." (*Id*. at 338.) By signing that agreement, Tucker agreed there was a factual basis for his guilty plea.

The judge also noted the colloquy at the change of plea hearing, where Tucker ensured the judge he had reviewed the facts outlined in the plea agreement and stated them to be true. At that hearing, she also had him explain "in [his] own words, what it is [he] did that [he is] pleading guilty to." (R. Vol. 3 at 100.) He responded: "I was involved in a business . . . in which I represented that for a fee we could assist people in obtaining funds for projects. I made a number of misrepresentations during the process

---

because she decided ineffective assistance of counsel was "interwoven throughout all of [his] arguments." (R. Vol. 2 at 336.)

[2] His scheme actually lasted close to four years.

to various people who wanted funding . . . .  I also told clients that their money would be used for due diligence, underwriting, or putting together packages.  That was not true.  Most of [the] money [was] used for other things, like my other businesses." (*Id.*)  The judge was satisfied his plea agreement was supported by an adequate factual basis, that he entered into the agreement knowingly and intelligently, and he presented no factual averments to convince her otherwise.

Tucker seeks to appeal from the denial of his § 2255 motion.  He needs a certificate of appealability (COA) to do so.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  The judge denied a COA so he renews his request here.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted).  Tucker has not met his burden.[3]

He continues to argue his counsel was ineffective and quibbles with the factual basis for his plea.  But he makes little effort to show how the judge erred in rejecting these claims, other than to cite a number of factually distinguishable cases and to make

---

[3] Due to Tucker's pro se status, we have liberally construed his pleadings, stopping short, however, of serving as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

largely conclusory arguments. He obviously has a case of buyer's remorse, which, without considerably more, does not entitle him to relief.

After thoroughly reviewing the record, the district court's decision, and Tucker's COA application, we are convinced the result reached by the district judge is not only correct, but not reasonably debatable. Tucker's brief to this court is superficially appealing; better than most. But upon a closer look his arguments are unavailing, primarily because he seems to think an appeal as something akin to getting a second medical opinion. It does not work that way, particularly when the district judge has taken the time and effort to carefully explain why his arguments fail. Instead of offering cogent argument, supported by specific, relevant authority (not generalized citations), explaining how the district judge erred, he simply regurgitates the arguments made below. Much more is required for an applicant to be entitled to a COA; failing to meet the challenge renders his COA request frivolous (not supported by law and fact).

We **DENY** a COA and **DISMISS** this matter.

The judge denied Tucker's motion to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*) because the motion was not filed on the court-approved form, did not contain the required affidavit, *see* Fed. R. App. P. 24(a)(1), and the appeal was not taken in good faith, *see* 28 U.S.C. § 1915(a)(3). Tucker renews his *ifp* request with this Court. Because this appeal is frivolous, we agree with the judge that the appeal is not taken in good faith. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an argument, like a complaint, "is frivolous where it lacks an arguable basis either in law or in fact"). Nevertheless, because we have reached the merits of his COA application, his

renewed request to proceed on appeal without <u>prepayment</u> of fees on appeal is **DENIED AS MOOT**.  The relevant statute does not permit litigants to avoid payment of fees; only prepayment of fees is excused.  *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security therefor") (emphasis added).  All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge