Monroe ROWE, Jr., Appellant,

v.

STATE of Indiana, Appellee.

No. 1281S382.

Supreme Court of Indiana.

Jan. 27, 1983.

Andrea K. Knish, Munster, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant, Monroe Rowe, Jr., was convicted of one count of robbery under Ind. Code § 35–42–5–1 and determined to be a habitual offender. On appeal he raises issues under two headings:

(1) Error in the determination of the admissibility of a statement made by him to the police.

(2) Error in the denial of a defense motion for a continuance of the trial.

On February 13, 1981, at 3:00 a.m., a green Toyota drove into a gas station located in Gary, Indiana. It was occupied by two men and a woman. The driver pointed a gun at the attendant and took his money. Appellant and a woman, Kim Brown, were arrested the next day while driving a car of like description. Appellant was identified at the trial by the attendant as the driver of the Toyota and the man who had wielded the gun. Appellant's confession retailing a part in the robbery was introduced into evidence at trial.

I.

Appellant filed a motion to suppress his confession on the ground that it and the "*Miranda*" waiver preceding it were not knowingly and voluntarily given. Following a hearing the motion was denied and the confession admitted at trial over objection.

The burden rested with the State to prove beyond a reasonable doubt that the confession and waiver were free and voluntary. *Burton v. State,* (1973) 260 Ind. 94, 292 N.E.2d 790. The question presented is whether, looking to all of the circumstances, they were free and voluntary and not induced by any violence, threats, promises or other improper influence. *Nacoff v. State,* (1971) 256 Ind. 97, 267 N.E.2d 165. On appeal from a determination that the accused's statement was admissible, we do not weigh the evidence nor resolve questions of credibility, but consider the evidence which supports the decision of the trier of fact in the case of contested evidence and any uncontested evidence presented by the appellant. *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811. The trial court's finding will be upheld if there is substantial evidence of probative value to support it. *Hill v. State,* (1979) Ind., 390 N.E.2d 167.

■ Some of the events culminating in appellant's confession are shown by uncontradicted evidence. He was arrested at 1:30 a.m. on February 14, 1981 on a warrant unrelated to this appeal. He was with Kim Brown at the time. While in custody he was first questioned at 8:30 a.m. the same day after signing a *Miranda* waiver form. He denied participating in the gas station robbery. At 2:00 p.m. the same day, he again signed a *Miranda* waiver form, and was then confronted with the confession of Kim Brown and the weapon used in the robbery which had been recovered as a result of that confession. Appellant then decided to give a statement confessing his role in the robbery. During the process of producing a typewritten statement, appellant became ill, and paramedics were summoned. They arrived and the process was stopped while appellant was examined. They declared that he was alright, and appellant refused an offer to go at that point to the hospital. The typewritten statement was then completed and signed.

Appellant first contends that the police interrogators withheld treatment for his immediate symptoms of withdrawal to coerce him into giving an incriminating statement. The evidence on the point is conflicting. One police officer testified that the illness was not manifested until three-fourths of the written statement had been set down, long after appellant's flat oral admission to being a participant in the gas station robbery. Believing this testimony, as he was entitled to do, the judge could have concluded that appellant's decisions to waive his *Miranda* rights and to confess were made before he became ill, at a point when any need for immediate treatment was not known.

Appellant next contends that the police officers induced him to confess by offering him hospitalization to cure his drug addiction in lieu of imprisonment in return for his incriminating statement. The evidence on the point is in conflict. One police officer testified that appellant changed his exculpatory story within minutes after being confronted with the incriminating statement of Kim Brown and the weapon. Be-

lieving this testimony, the judge could properly have concluded that the discussion regarding the benefits which might flow to appellant from his cooperation did not induce the statement.

Appellant further urges that his confinement without appearance before a judge was a factor tending to show involuntariness. We agree. Under Ind.Code § 35–5–5–3, since repealed, a delay greater than six hours is to be weighed against the State. Here the time between arrest and confession was about twelve hours. During that time, at 8:30 a.m., appellant was advised of his rights, waived those rights, and asserted his innocence. At that point and later at the time of the second interrogation, appellant was able to initial each advisement, fill in the several blanks on the waiver form, and sign his name without difficulty. He appeared normal to the officers, and no outright threats or promises were made. The trier of fact could reasonably have concluded that the negative weight of the pre-arraignment confinement was slight and that under the entire circumstances the State sustained its burden of demonstrating the free and voluntary nature of the decision to waive *Miranda* rights and confess, beyond a reasonable doubt.

## II.

Defense counsel sought and was denied a motion for a continuance on the morning of the commencement of the hearing on the motion to suppress and the commencement of the trial itself. The motion was oral and predicated upon the failure of a witness, Kim Brown, to appear. Defense counsel stated orally that the witness had agreed to appear and that she was an essential witness. The court noted that a previous continuance of the trial had been granted when the same witness had failed to appear, and denied the motion. There was no attempt to comply with the provisions of Ind.Code § 35–1–26–1, which governed the motion.

■ Appellant first contends that the denial of the motion denied him the basic right to have compulsory process for obtain-

ing witnesses. U.S. Const. amend. VI; Ind. Const. art. 1, § 13. The contention fails. Appellant had due notice of the date of hearing and trial and an opportunity to obtain the issuance of subpoenas and to seek court enforcement of same. Here no attempt was made to take advantage of that opportunity. Whether or not to do so is a question of strategy and judgment committed to parties and counsel.

Appellant next contends that the denial of the motion was an abuse of discretion. Given the trial court's granting of a previous motion for continuance because of the absence of this same witness, the lack of an explanation at the time the motion was made supporting the essential nature of the witness's testimony to the defendant's contentions at both the suppression hearing and the trial on the merits, and the failure to employ the subpoena power, we are unable to see how its chosen course could be deemed an abuse of discretion. The court was called upon to evaluate and balance competing interests in reaching its decision. The record discloses that a police officer sought by the defense as a witness was fortuitously in town and available for the hearing as scheduled, after having retired from the police force and moving to Florida. The denial served this interest of the defense.

The judgment is affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.