**Robert Lewis GARY, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1282 S 504.

Supreme Court of Indiana.

Dec. 13, 1984.

Peter L. Benjamin, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of Attempted Robbery, a Class B felony. He was sentenced to a term of twenty (20) years imprisonment.

The facts are: On the evening of November 8, 1981, Michael and Betty Fronius, accompanied by their son, Michael Callipare, were driving home through Gary, Indiana. When they stopped at an intersection, their vehicle was intentionally rear ended by a car which had been following them for some distance. Callipare and his father got out of their car to inspect the damage.

Appellant and another male exited the other car, while a third male remained inside. Both men possessed weapons. Appellant, who was armed with a shotgun, forced Callipare to lie on the ground and give appellant his wallet. Mr. Fronius was also forced to assume a prone position. Mrs. Fronius, angry at the treatment of her husband and son, got out to confront the perpetrators. Appellant's companion fired a handgun in her direction, then got into the Fronius vehicle and drove off. Appellant left the scene in the other car.

On November 12, 1981, appellant was arrested for automobile theft. At that time he was questioned about an unrelated robbery committed in the vicinity and aided the police in locating a suspect in that crime. The following day appellant discussed the Fronius incident with the investigating officer, at which time he admitted his participation. Appellant was subsequently arrested on December 4 for attempted robbery.

Appellant alleges the trial court erred in denying his motion for change of judge. He contends that, based on the judge's remarks made during the sentencing phase of his theft trial two years earlier, the judge had predetermined that he would give appellant the maximum sentence regardless of the facts and evidence presented at his current trial.

Pursuant to a local trial rule appellant's cause was assigned to the judge who presided over his last trial in the county. Appellant then timely filed his motion for change of judge. In support of his allegation of personal bias, he cited statements

made by the judge upon his sentencing in the previous trial:

"Mr. Gary, you further indicated or demonstrated to this Court that incarceration has the—the limited incarceration that you have been sentenced to here before hasn't done you any good at all ...."

And further:

"And at the rate you're going, you're going to spend the best part of your life in jail ... unless you come to a point where you try to turn yourself around, you're back there again. It is up to you. I am going to impose the four (4) years."

■ A ruling on a motion for change of judge in a criminal case is discretionary. Ind.R.Cr.P. 12. On appellate review, the burden is on appellant to show a clear abuse of that discretion. *White v. State*, (1982) Ind., 431 N.E.2d 488; *Clemons v. State*, (1981) Ind., 424 N.E.2d 113.

■ We have previously held that the fact that a defendant has appeared before a judge in a prior action does not constitute bias. *Clemons, supra*. We cannot indulge the presumption suggested by appellant that based on the judge's earlier statements he had predetermined imposition of the maximum sentence in the present case. The judge's statements were directed to appellant's prior felony convictions, and were germane to the court's determination of the proper sentence.

■ The statements can be construed to be an admonition that appellant cease his criminal activities in the future. There is no demonstrative showing of personal bias on the part of the trial judge. We find no abuse of the court's discretion in denying the motion for change of judge.

Appellant alleges error in the denial of his pretrial motion to suppress his confession. He argues the statement, as well as his *Miranda* waiver, were not given voluntarily. Specifically, he contends he had made the statements after receiving inducements and promises from the police.

■ The State had the burden to prove beyond a reasonable doubt that both the confession and the waiver of rights were freely and voluntarily given, and not induced by any violence, threats, promises or other improper influence. *Rowe v. State*, (1983) Ind., 444 N.E.2d 303. On review we do not reweigh the evidence nor resolve questions of credibility. *Id.*

Appellant asserts that the aid he afforded the police in locating a suspect in an unrelated crime was based on promises that he would be helped out in any other cases. He similarly asserts that he discussed the attempted robbery with Officer George Bradley in return for Bradley's intervention with the prosecutor. That discussion led to appellant's confession.

Prior to questioning appellant, Officer Bradley read the *Miranda* warnings to appellant and gave him the waiver of rights form to read. Appellant signed the form and initialed specific lines of the form. Appellant then gave a statement, transcribed by Bradley, concerning his involvement in the attempted robbery. Appellant reviewed the typewritten statement and signed it.

■ A confession obtained by promises of immunity or mitigation of punishment is inadmissible. *Ashby v. State*, (1976) 265 Ind. 316, 354 N.E.2d 192. Vague and indefinite statements by the police, however, are too indefinite to constitute the type of an inducement that renders a confession involuntary. *Turpin v. State*, (1980) 272 Ind. 629, 400 N.E.2d 1119.

■ Appellant concedes that no direct promises were made, yet contends that promises "were at least implied" that if he gave a confession, he would go free. His concession is corroborated by the testimony of the police officers at the pretrial hearing to the effect that no promises were made beyond offers to help appellant and to speak to the prosecutor. Implied promises are too indefinite to constitute the type of inducement rendering appellant's confession involuntary. The trial court did not err in denying the motion to suppress.

■ Appellant alleges the court erred in admitting the confession, based on

the fact that it had been altered. This argument is without merit. While waiting to testify at appellant's trial, Officer Bradley corrected various typographical errors in appellant's confession. The court overruled appellant's objection to admission of the confession, finding that the corrections were insignificant and did not change the substance of the document. Here, appellant makes no contention that the confession was in fact substantially altered, thereby failing to state the manner in which he was prejudiced by the alleged error. *See Woolston v. State*, (1983) Ind., 453 N.E.2d 965.

◼ Appellant further alleges error in admission of the confession due to insufficient proof of the *corpus delicti*. In order for an extrajudicial confession to be admitted corroborating evidence of the *corpus delicti* must be introduced. *Hudson v. State*, (1978) 268 Ind. 310, 375 N.E.2d 195. Independent evidence must show the occurrence of a specific kind of injury and that a criminal act was the cause of the injury. *Id.*

◼ Prior to the admission of appellant's confession, all three victims of the alleged crime testified concerning the attempted robbery. Michael Callipare testified that he was forced at gunpoint to lie on the ground and that his wallet was taken from his pocket. Michael Fronius testified that he too was forced at gunpoint to lie on the ground. Betty Fronius stated that she was grabbed by the hair, and upon struggling with her assailant, saw him fire a gun in her direction. Clearly sufficient evidence of the *corpus delicti* was introduced to warrant admission of the extrajudicial confession.

◼ Appellant next alleges error in the trial court's refusal to include his tendered instruction concerning the lesser included offense of theft. The test for determining whether it was error for the trial court to refuse such instruction is whether the lesser offense is necessarily included within the greater offense as charged and whether the instruction is applicable to the evidence introduced at trial. *Myers v. State*, (1983) Ind., 454 N.E.2d 861; *Rogers v. State*, (1979) 272 Ind. 65, 396 N.E.2d 348.

◼ Appellant correctly points out that we have previously found theft to be a lesser included offense of robbery. *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770; *See Rogers v. State, supra* (conversion, like theft, is lesser included offense of robbery). The refused instruction, however, was not applicable to the evidence introduced at trial. Substantial evidence was introduced on each element of the crime charged. *See Feyerchak v. State*, (1978) 270 Ind. 157, 383 N.E.2d 1023. We find no error in the refusal of the tendered instruction on the lesser included offense of theft.

Appellant next alleges that there was insufficient evidence presented on the elements of the offense and on the identification of appellant. He asserts that the probative value of the controverted extrajudicial confession was so reduced by the surrounding circumstances that it should not be permitted to form the sole link between himself and the alleged crime.

◼ In addressing the question of sufficiency of the evidence, we look only to the evidence most favorable to the State to determine if there is substantial evidence from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Smith v. State*, (1981) Ind., 419 N.E.2d 743. As discussed *infra*, substantial evidence was presented on each of the elements of the attempted robbery. We decline to pass on the probative value of appellant's confession, that being a determination for the jury. Appellant's allegation of insufficient evidence is without merit.

Appellant's final allegation of error concerns his sentencing. He argues the court failed to consider the mitigating factor of his assistance to the Gary police and failed to state with sufficient specificity its reasons for finding that aggravating circumstances justified an enhanced sentence.

◼ Sentencing is conducted within the discretion of the trial court and will be

reversed only upon a showing of a manifest abuse of that discretion. *Galmore v. State,* (1984) Ind., 467 N.E.2d 1173. In the event the trial court modifies a presumptive sentence it must make a statement on the record of its reasons for imposing that sentence. *Drummond v. State,* (1984) Ind., 467 N.E.2d 742; *Garringer v. State,* (1983) Ind., 455 N.E.2d 335.

■■■■ Contrary to appellant's assertion, the court specifically stated its reasons for enhancing the presumptive sentence. The court made reference to appellant's lengthy juvenile record, his previous convictions for burglary and theft, the nature of the instant offense, and the fact that he committed the offense within three months of his release on parole. Despite appellant's contention that the court disregarded the mitigating factor, we find no abuse of discretion in the court's balancing of the factors in favor of an enhanced sentence.

The trial court is in all things affirmed.

All Justices concur.