Anthony THOMAS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 49S00-8606-CR-548.

Supreme Court of Indiana.

Feb. 17, 1988.

Charles A. Beck, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Anthony Thomas was found guilty by a jury in the Marion County Superior Court of attempted rape, a class B felony, and confinement, a class D felony. The trial court sentenced Thomas to a term of two (2) years for the confinement conviction and fifteen (15) years for the attempted rape conviction, the sentences to run concurrently. Two issues are presented for our consideration in this direct appeal:

1. sufficiency of the evidence; and

2. error in sentencing.

The facts show that during the early evening hours of November 18, 1985, E.F., and her two-year old daughter were traveling north on Meridian Street in Indianapolis, when her car overheated. She pulled in at a United Oil station at 24th and Meridian and put oil and water into her automobile. Thomas approached E.F. while she was servicing her car and asked her about her car trouble. She explained the car had overheated and Thomas told her he had a liquid sealant that would seal the radiator at his home, a couple of blocks away. He stated if she would take him there he would help her. E.F. agreed and they proceeded in the direction Thomas instructed.

Thomas directed E.F. to a vacant lot adjacent to School 66 on 38th Street. He then told her to turn off the engine, exited the car, and walked around to the driver's side of the car and ordered E.F. out of the car. When she refused to comply, Thomas grabbed her and attempted to pull her out of the vehicle. E.F. clung to the steering wheel to prevent Thomas from forcing her out of the automobile and pleaded with him to leave her alone. She offered her purse to him but he replied, "Who said I wanted your money." Thomas struggled with E.F. for a short time then pushed her back into the vehicle to the passenger side and attempted to climb on top of her. She then began screaming that she was being raped and for someone to help her. Thomas told her it would do no good for her to scream because the people in that area would not help her. E.F.'s two-year old daughter was asleep in the back seat and awoke because of the altercation and moved to the front seat between Thomas and E.F. E.F. grabbed her, opened the passenger door, and exited the vehicle from the passenger side. She then ran screaming for help, shouting that a man was trying to rape her. There was an iron fence surrounding the parking lot at that area and a gate in the fence was padlocked. Approximately eight to ten people in the area heard E.F.'s screams and came to her aid. Police were notified of the incident, arrived within moments and arrested Thomas at the scene.

I

Thomas claims the evidence presented at trial was insufficient to support his conviction for attempted rape and confinement. He also claims the verdicts were contrary to law in that the State did not prove all of the elements of either crime beyond a reasonable doubt. He makes the same argument for both contentions. He does not point out any particular way in which the evidence was insufficient nor does he point out which element or elements of either crime was lacking in the evidence. Thomas only generally claims there was insufficient evidence to convict him and that not all the elements of the crimes were proven.

In reviewing a challenge to the sufficiency of the evidence we neither reweigh the evidence nor judge credibility. We examine only the circumstantial and direct evidence most favorable to the State together with all reasonable inferences to be drawn

therefrom. If there is substantial evidence of probative value to support the conclusion the defendant is guilty beyond a reasonable doubt, the verdict will not be set aside on appeal. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781, 782–83; *Harris v. State* (1981), Ind., 425 N.E.2d 112, 116.

The crime of rape as described in Ind. Code Ann. § 35–42–4–1(a)(1) (Burns 1985) is the act of a person who knowingly or intentionally has sexual intercourse with a member of the opposite sex when the other person is compelled by force or imminent threat of force. Ind.Code Ann. § 35–41–5–1(a) (Burns 1985) defines attempt, in pertinent part, as:

> A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted.

The crime of confinement is defined in Ind. Code Ann. § 35–42–3–3(a) (Burns Supp. 1987):

> A person who knowingly or intentionally:
> (1) confines another person without his consent; ·
> (2) removes another person by fraud, enticement, force, or threat of force, from one (1) place to another;
> commits criminal confinement, a Class D felony.

Thus it was necessary for the State to prove Thomas took substantial steps toward the crime of rape and also that he had substantially interfered with E.F.'s liberty as described in the above statute.

 E.F. testified she did not know Thomas prior to this night and did not know where he lived. She stated he directed her to the point on 38th Street and she thought when she stopped the automobile he would get out and go to his home to get the sealant for her automobile. Instead he attacked her in the automobile in a manner that indicated he was going to rape her. During their altercation some of her jewelry was torn from her and some of her clothing was torn. He told her he did not want her money and stated it would do no good for her to scream "rape" for no one in that neighborhood would help her. When her daughter came over the seat and between her and Thomas, she was able to reach the passenger door, escape with her daughter, and run to the fence and scream for help. Thomas took the stand in his own defense and testified he lived on Fall Creek Boulevard, only a couple of blocks from the point on Meridian where he first met E.F. He stated he did not know why E.F. would not go to his residence when he directed her to, but kept on driving up Delaware Street and Washington Boulevard to 38th Street. He said she acted erratically and argued with him when he tried to get her to go in the right direction. He said they got into an argument, she got very unreasonable and finally he talked her into driving into the vacant lot on 38th Street so he could get out of the automobile. He stated as soon as they stopped, she exited from the driver's side and ran to the fence, screaming "rape." This was in direct conflict to her testimony and also in conflict with testimony of eyewitnesses who came to the scene after hearing her screams. Several of the witnesses said they saw Thomas beating or attacking E.F. inside the automobile and saw her exit from the passenger side all the while screaming for help, that she was being raped. There were sufficient facts from which the jury could reasonably find beyond a reasonable doubt that Thomas did interfere with E.F.'s liberty and that he did take a substantial step toward raping her, justifying the jury in finding him guilty of confinement and attempted rape. No error is presented on this issue.

## II

 Thomas claims the trial court used deficient sentencing procedures in its consideration of aggravating factors in arriving at a sentence of fifteen (15) years for the crime of attempted rape. He claims the trial court gave only general impressions or conclusions and did not provide a statement of his reasons for the enhancement of the ten (10) year presumptive sen-

tence for a class B felony. Thomas is correct that the trial court is required to provide a statement of his reasons for the enhancement of a presumptive sentence by pointing out what aggravating factors he used in arriving at such enhancement. *McBrady v. State* (1984), Ind., 459 N.E.2d 719, 724. The trial court found the nature and circumstances of the crime committed presented a risk Thomas would commit another crime, taking into consideration his prior criminal record, character, and conditions of the person. He found aggravating that this act occurred with the child of the victim in the back seat of the automobile and the fact Thomas persisted in his attempts on E.F., even while the young child was there. He further found Thomas had resisted any rehabilitation and rehabilitation attempts had not been fruitful. We find these reasons to be sufficient. *See Gary v. State* (1984), Ind., 471 N.E.2d 695, 700; *Galmore v. State* (1984), Ind., 467 N.E.2d 1173, 1178–79. Furthermore, we do not perceive the sentence imposed by the trial court to be manifestly unreasonable in light of the nature of the offense and the character of the defendant. *Bryan v. State* (1982), Ind., 438 N.E.2d 709, 718–19. *See also McMichael v. State* (1984), Ind. App., 471 N.E.2d 726, 733, *trans. denied.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.