Quan TURNER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49S00–0001–CR–37.

Supreme Court of Indiana.

Nov. 16, 2000.

Patricia Caress McMath, Indianapolis, IN, *Attorney for Appellant.*

Karen M. Freeman–Wilson, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, *Attorneys for Appellee.*

RUCKER, Justice

In this direct appeal Quan Turner contends that his convictions for murder and carrying a handgun without a license should be reversed because his confession was involuntary and thus erroneously admitted into evidence. We disagree and therefore affirm.

*Facts*

The facts most favorable to the verdict show that Turner, Jason McGhee, and others were drinking at several Indianapolis clubs late in the evening on December 26, 1998. The group returned to McGhee's residence early the next morning. Eventually, most members of the group left. However, Turner stayed behind to confront McGhee about a rumor that McGhee had planned to harm him. Several hours later McGhee was found dead from a gunshot wound to the head.

Detective Jesse Beavers of the Indianapolis Police Department was assigned to investigate the McGhee shooting. Relying on a tip, which indicated that Turner might have been involved, the detective went to the home of Turner's sister. Detective Beavers found Turner asleep on a couch. After he was awakened, Turner was arrested and transported to the police station. Upon arrival, detective Beavers read Turner his *Miranda* rights to which Turner signed a written waiver. Among other things the waiver dictated: "No promises or threats have been made to me and no pressure or coercion of any kind has been used against me." R. at 201. Turner then gave a statement that was recorded on audio tape in which Turner admitted that he and McGhee "got into an argument and I shot him. I panicked and ran out of the house." R. at 369. Thereafter, Turner was charged with murder and carrying a handgun without a license. He filed a pretrial motion to suppress his statement, which the trial court denied after a hearing. At trial the statement was introduced into evidence over Turner's timely objection. The jury convicted Turner as charged, and the court sentenced him to a total term of sixty-six years imprisonment. This appeal followed. Additional facts are set forth below where relevant.

## Discussion

Turner contends the trial court erred by admitting his taped confession into evidence. He claims that his confession was involuntary because it was the product of intrusive and coercive actions by the police. Turner does not contest the evidence of record showing that he was given his *Miranda* rights and that he signed a written waiver. Rather, he complains of alleged police conduct occurring before those events. Specifically, Turner claims: (1) police had their guns drawn when they arrested him; and (2) after the arrest, police yelled at him, called him a liar, and threatened to arrest his mother, sister, and brother if he did not tell police what they wanted to hear.

When a defendant challenges the admissibility of his statement, the State must prove the voluntariness of the statement beyond a reasonable doubt. *Carter v. State,* 730 N.E.2d 155, 157 (Ind.2000); *Schmitt v. State,* 730 N.E.2d 147, 148 (Ind. 2000). When a defendant makes such a challenge, the decision to admit the statement is left to the sound discretion of the trial court. *Horan v. State,* 682 N.E.2d 502, 509 (Ind.1997). In making its determination, the trial court weighs the evidence to ensure that a confession was not obtained "through inducement, violence, threats or other improper influences so as to overcome the free will of the accused." *Ellis v. State,* 707 N.E.2d 797, 801 (Ind. 1999) (quoting *Collins v. State,* 509 N.E.2d 827, 830 (Ind.1987)). A trial court's finding of voluntariness will be upheld if the record discloses substantial evidence of probative value that supports the trial court's decision. *Kahlenbeck v. State,* 719 N.E.2d 1213, 1216 (Ind.1999). This Court will not reweigh the evidence, and conflicting evidence is viewed most favorably to the trial court's ruling. *Haak v. State,* 695 N.E.2d 944, 948 (Ind.1998).

Concerning Turner's first claim, we have held that the presence of guns at the scene of an arrest is not evidence of coercion, but merely cautious police procedure. *Bluitt v. State,* 269 Ind. 438, 447, 381 N.E.2d 458, 464 (1978). As for his second claim, Detective Beavers denied raising his voice to Turner or calling him a liar. R. at 237–38. He also denied mentioning Turner's brother. R. at 237. Detective Beavers was not questioned about alleged statements concerning any other member of Turner's family.

Even though Turner's testimony and the testimony of his sister and mother supported Turner's claim that his family was threatened, the trial court was not bound to credit Turner's testimony or the testimony of his family members. *See Warner v. State,* 579 N.E.2d 1307, 1310 (Ind.1991). In any event, the critical inquiry here is whether the alleged police conduct overbore Turner's will, thus rendering his statement involuntary. *Lynch v. State,* 632 N.E.2d 341, 343 (Ind.1994). The fact that Turner signed a waiver of rights weighs in favor of the conclusion that his statement was indeed voluntary. *See Heavrin v. State,* 675 N.E.2d 1075, 1081 (Ind.1996) (signing a waiver of rights form provides *some* indication that a defendant's confession was made voluntarily). We also find persuasive that both in the written waiver and audio-taped interview Turner acknowledged that he was neither threatened nor coerced into giving a statement. Turner's contrary claim on appeal amounts to an invitation for this Court to reweigh the evidence. We decline. Thus, the trial court did not abuse its discretion by admitting Turner's statement into evidence.

## Conclusion

We affirm the judgment of the trial court.

SHEPARD, C.J., and DICKSON, SULLIVAN and BOEHM, JJ., concur.