Larry L. McGHEE, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–0804–CR–345.

Court of Appeals of Indiana.

Dec. 29, 2008.

Rehearing Denied Feb. 4, 2009.

David W. Stone IV, Anderson, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Arthur Thaddeus Perry, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

RILEY, Judge.

### *STATEMENT OF THE CASE*

Appellant–Defendant, Larry L. McGhee (McGhee), appeals his conviction for incest, as a Class C felony, Ind.Code § 35–46–1–3.

We reverse and remand.

### *ISSUE*

McGhee presents two issues for our review, one of which we find to be dispositive: Whether the trial court abused its discretion by admitting McGhee's confession into evidence.

### *FACTS AND PROCEDURAL HISTORY*

On May 25, 2007, McGhee was released from prison and went to stay at his mother's house in Anderson, Indiana. Twenty-five-year-old K.O., McGhee's sister's daughter, *i.e.*, his niece, was also living in that house. That night, K.O. went to a party and drank five or more double shots of vodka. K.O. became drunk and had to be helped into her cousin's car. K.O.'s cousin took K.O. back to K.O.'s grandmother's house and helped her into her Uncle Jerry's room, which was empty because Uncle Jerry was not home that night. McGhee's bedroom was next to Uncle Jerry's room.

The next morning, K.O. woke up in McGhee's bed, but she could not remember how she wound up there. When K.O. went to the bathroom, she discovered that her tampon was "[s]hoved up inside [her] vagina." (Transcript p. 111). K.O. even-

tually concluded that somebody had sex with her during the night. She went to the hospital for an examination and then talked to Anderson Police Department Detective Mark Cole (Detective Cole) about the incident. Detective Cole then interviewed McGhee at the Anderson Police Department.

Detective Cole advised McGhee of his rights, and McGhee signed a waiver of those rights. During the first few minutes of the interview, McGhee denied having had sex with K.O. Then, however, the following exchange occurred:

Cole: What I do know is, that we're starting, me and you, man to man talking about this, I'm telling you right now, if you had sex with her and she wanted it and it's embarrassing sometimes for an uncle to have sex with his niece, but it's not against the law if she wanted it.

McGhee: Right.

Cole: That's why I'm asking you now, I want you to clear your name.

McGhee: Right.

(State's Ex. 4). Immediately thereafter, McGhee admitted to Detective Cole that he had sex with K.O. He told Detective Cole that K.O. had come into his room, drunk and naked, and initiated the encounter, and that "temptation set in." (State's Ex. 4).

On June 11, 2007, the State filed an Information charging McGhee with Count I, rape, as a Class B felony, I.C. § 35–42–4–1, and Count II, incest, as a Class C felony, I.C. § 35–46–1–3. On February 4, 2008, McGhee filed a motion to suppress, asking the trial court to exclude from evidence the statements McGhee made to Detective Cole. McGhee argued that his statements were not voluntary because he made them based on "material misrepresentations of fact" and "promises of leniency that were not fulfilled[.]" (Appellant's App. p. 9). He claimed, in part, that his confession was induced by the suggestion that he "could clear his name by making certain admissions because [sex with an adult relative] was not against the law[.]" (Appellant's App. p. 9).

On February 5, 2008, the trial court held a hearing on McGhee's motion. Detective Cole testified that, at the time of his interrogation of McGhee, he did not know that "incest was a crime for adults." (Tr. p. 13). As such, he "wasn't thinking of incest in any way at all." (Tr. p. 14). According to Detective Cole, he was "investigating a rape, what I thought was just a rape at the time," and he found out later that sex between a niece and an uncle, even if consensual, "is a crime." (Tr. p. 13). He admitted that he "misrepresented" the law to McGhee. (Tr. p. 18). Nonetheless, the trial court denied McGhee's motion to suppress.

On February 6–8, 2008, a jury trial was held. McGhee's admission to having sex with K.O. was admitted into evidence over counsel's objection. The jury found McGhee not guilty of rape but guilty of incest. On March 3, 2008, the trial court conducted a sentencing hearing and imposed a prison term of eight years, the maximum sentence for a Class C felony.

McGhee now appeals. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

McGhee contends that his confession to Detective Cole that he had sex with K.O. should not have been admitted into evidence because it was not voluntary. When a defendant makes such a challenge, the decision to admit the statement is left to the sound discretion of the trial court. *Turner v. State*, 738 N.E.2d 660, 662 (Ind. 2000). In making its determination, the

trial court weighs the evidence to ensure that a confession was not obtained through inducement, violence, threats or other improper influences so as to overcome the free will of the accused. *Id.* A trial court's finding of voluntariness will be upheld if the record discloses substantial evidence of probative value that supports the trial court's decision. *Id.* We will not reweigh the evidence, and conflicting evidence is viewed most favorably to the trial court's ruling. *Id.*

McGhee argues that his confession was involuntary because Detective Cole obtained it by using "misrepresentations of fact and promises of leniency." (Appellant's Br. p. 4). Specifically, he notes that, during the videotaped interview, Detective Cole told McGhee that "it's embarrassing sometimes for an uncle to have sex with his niece, but it's not against the law if she wanted it." (State's Ex. 7). According to McGhee, his confession was obtained as a result of Detective Cole telling him that his conduct was not criminal, rendering the confession involuntary and inadmissible. We agree.

In *Ashby v. State,* 265 Ind. 316, 354 N.E.2d 192 (1976), the defendants were arrested on suspicion of inflicting injury during the course of a robbery, which carried a possible life sentence. While the defendants were in custody, the officer in charge of the case took the case file to a deputy prosecutor. It was decided that the State would accept a ten-year sentence in lieu of a life sentence, and the charge was filed. The officer then returned to the defendants and told them that they would get a ten-year sentence instead of a life sentence if they would admit their actions and plead guilty. The defendants confessed to the crime, but, for unknown reasons, the case eventually proceeded to a trial instead of being disposed of via guilty plea. The defendants' confessions were admitted

into evidence at trial, and they were convicted and sentenced to life in prison.

The defendants appealed, arguing that their confessions should not have been admitted into evidence because they were induced by a promise to mitigate punishment. They contended that the introduction of their confessions at trial was in violation of the privilege against self-incrimination guaranteed by the Fifth Amendment to the United States Constitution. In analyzing the defendants' argument, our supreme court stated:

> It is a clear constitutional principle that a confession or admission of the accused is inadmissible if it was obtained by a promise of immunity or mitigation of punishment. The test in resolving a Fifth Amendment claim resting upon the Self–Incrimination Clause … is …: A confession, in order to be admissible, must be free and voluntary: that is, not obtained by any direct or implied promises, however slight. A coerced confession claim, whether founded on a promise of immunity or otherwise, always involves this question: did the governmental conduct complained of bring about a confession not freely self-determined?

*Id.* at 320–21, 354 N.E.2d at 195 (citations omitted, formatting altered). The court concluded that the defendants' confessions were "brought about" by the officer's representation that their punishment would be mitigated and that "[s]tatements induced by such representations are not freely self-determined." *Id.* at 322, 354 N.E.2d at 196. Because the defendants' confessions were involuntary and inadmissible, the court reversed their convictions and remanded for a new trial. *Id.,* 354 N.E.2d at 196.

We see negligible wiggle room between our supreme court's holding in *Ashby* and the circumstances presented in this case.

For the first few minutes of the videotaped interview, McGhee absolutely denied having had sex with K.O. Then, after Detective Cole told McGhee that sex with his niece was "not against the law if she wanted it" and that he wanted to clear McGhee's name, McGhee confessed to having sex with K.O. (State's Ex. 4). At the very least, Detective Cole's comments constituted an implied promise that McGhee would not be prosecuted if he admitted to having sex with K.O. and it turned out that the sex was consensual. Obviously, that was a promise that Detective Cole, like the officer in *Ashby*, could not keep. McGhee's confession was brought about by Detective Cole's misstatement of the law and was therefore involuntary and inadmissible.

■ The State emphasizes the fact that Detective Cole was not being intentionally deceptive. Detective Cole testified at the hearing on McGhee's motion to suppress that, at the time of his interrogation of McGhee, he did not know that incest is a crime when the parties are both adults. McGhee makes no argument on appeal that Detective Cole was being intentionally deceptive. Regardless, *Ashby* instructs that, when addressing the voluntariness of a confession, the interrogator's knowledge or intent, or lack thereof, is irrelevant. In *Ashby*, the officer's representation to the defendants—that they would receive a reduced sentence if they confessed—was accurate, at least as far as the officer knew; he was told by a deputy prosecutor that the State would accept a ten-year sentence. The truth of the matter, however, was that the police and the prosecutor could not guarantee a reduced sentence, as any plea agreement would first have to be approved by the trial court. Likewise, in this case, Detective Cole honestly believed that sex between adults is never against the law if it is consensual. He was wrong, and the State offers no valid reason why McGhee should be made to suffer the consequences of Detective Cole's mistake.

The State does cite *Clark v. State*, 808 N.E.2d 1183, 1191–92 (Ind.2004), where our supreme court held that "if the police have a good faith basis for a statement, even if technically false, it does not rise to the level of deception." That is true, but Detective Cole did not have a good faith basis for his statement that consensual sex with an adult relative is lawful. The basis for his statement was that he did not know the law. We would set a dangerous precedent if we were to hold that a lack of knowledge of the law amounts to a good faith basis for a material misstatement. Such a holding would give police officers an incentive to not know the law.

■ In sum, we conclude that McGhee's confession was involuntary and, therefore, inadmissible. Thus, the trial court abused its discretion by admitting it. The State makes no argument that the trial court's error was harmless. As such, we reverse McGhee's conviction and remand for a new trial.[1]

*CONCLUSION*

Based on the foregoing, we conclude that the trial court abused its discretion by admitting McGhee's confession into evidence. Therefore, we reverse McGhee's

1. "Retrial following reversal for improperly admitted evidence does not subject a defendant to double jeopardy so long as all the evidence, even that erroneously admitted, is sufficient to support the jury verdict." *Storey v. State*, 830 N.E.2d 1011, 1021–22 (Ind.Ct. App.2005). Considering all the evidence presented at trial, including McGhee's improperly admitted confession, there was sufficient evidence to convict McGhee. As such, a retrial would not subject McGhee to double jeopardy.

conviction for incest and remand for a new trial.

Reversed and remanded.

BAILEY, J., concurs.

BRADFORD, J., dissents with separation opinion.

BRADFORD, Judge, dissenting.

In reversing, the majority characterizes Detective Cole's statement as, at the very least, an implied promise not to prosecute McGhee. I am not convinced that Detective Cole's statement qualified as an implied promise, or for that matter, a direct promise, or that it clearly rendered McGhee's confession involuntary such that the trial court's finding of voluntariness must be reversed. First of all, Detective Cole's misstatement of the law of incest does not, in my view, rise to the level of a promise not to prosecute. While Detective Cole's comments suggested that the law did not criminalize certain acts, I am unable to conclude that this constituted a sort of *quid pro quo,* prompting McGhee's confession in response and rendering it involuntary.

Secondly, even if Detective Cole's statement were construed to be an implied promise, I am unable to conclude that it rendered McGhee's confession involuntary. As the majority points out, the Indiana Supreme Court stated in *Ashby v. State,* 265 Ind. 316, 320–21, 354 N.E.2d 192, 195 (1976) that a confession obtained by any direct or implied promises is not free and voluntary. Since *Ashby,* however, the Supreme Court has held that implied promises are too indefinite to render a confession involuntary. *See Gary v. State,* 471 N.E.2d 695, 698 (Ind.1984) (upholding admissibility of defendant's confession where officers offered to help him and speak to prosecutor, suggesting implied promise that confession would result in defendant's

freedom); *see also Collins v. State,* 509 N.E.2d 827, 830 (Ind.1987) (citing *Gary* proposition that implied promises are too indefinite to render a confession involuntary). In my view, any promise of freedom from prosecution which McGhee inferred from Detective Cole's misstatement of the law is too indefinite to constitute the type of inducement rendering his confession involuntary. *See Gary,* 471 N.E.2d at 698.

Given the nature of the statement at issue, in my view the trial court was fully justified in concluding that it did not constitute a direct promise of immunity or leniency. To the extent the statement constituted an indirect promise to that effect, I am unpersuaded that it rendered McGhee's confession involuntary. I would affirm the judgment of the trial court.