**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**DERICK W. STEELE**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| STEVEN NEWVILLE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A02-1205-CR-379 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD CIRCUIT COURT
The Honorable Lynn Murray, Judge
Cause No. 34C01-1103-FA-33

**January 17, 2013**

**OPINION – FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Steven Newville appeals his conviction for attempted rape, a Class A felony, following a jury trial.[1] Newville presents a single issue for review, namely, whether the evidence is sufficient to support his conviction.

We affirm.

## FACTS AND PROCEDURAL HISTORY

On March 9, 2011, J.L. stopped at a Dollar General on her way to meet a friend for lunch. When she went into the store, she left her keys in the ignition and her purse in the car. In her purse were her cellular phone, her wallet, and an envelope containing four hundred dollars in cash, and sixty dollars were visible in her driver's side visor.

When J.L. returned to her vehicle from the store, she noticed that a blue van had backed into the parking space next to her vehicle and was parked over the line and extremely close to her vehicle. After J.L. sat in the driver's seat of her car and shut her door, a man later identified as Newville grabbed her over the mouth and eyes with latex-covered hands from the seat behind her. J.L. "immediately began to struggle" to free herself, but Newville told her, "bitch, don't move or I'll kill you." Transcript at 111. J.L. tried to look in the rearview mirror to see her attacker, but Newville reached up to swipe at the mirror. At that point, J.L. opened her driver's side door with her left hand and kicked it open wide with her foot. She got her head out of the door and screamed, but Newville pulled her back inside by her hair and her mouth, trying to get her into the back seat. J.L. cupped her foot under the interior of the vehicle in an attempt to thwart

---

[1] Newville was also convicted of criminal confinement, as a Class C felony; battery, as a Class A misdemeanor; and receiving stolen property, as a Class D felony. And he was adjudicated an habitual offender. Newville does not appeal those convictions or his habitual offender adjudication.

2

Newville's efforts. When she relaxed to catch her breath, Newville loosened his grip slightly. J.L. then pulled herself out of the vehicle and ran away from the car, with Newville still holding some of her hair. He then grabbed her sweatshirt, but she slipped out of it and ran away.

Once out of her car, J.L. began to scream for help. Newville then squeezed out of the back right-side door of J.L.'s vehicle, next to the passenger side of his extremely closely parked van. Newville squeezed between his van and J.L.'s car and ran across the parking lot and across Morgan Street. Others had gathered in the parking lot but were not reacting, so J.L. began chasing Newville. A nearby truck driver then told J.L. that someone else would get Newville, and two men then started after Newville.

One of the truck drivers, Brandon Finn, had seen the attack. He notified the Kokomo Police Department that he was following the attacker. At one point Newville picked up a piece of pipe and threatened Finn with it, but then ran away again. Eventually, police came from another direction toward Newville, and Finn jumped on top of Newville. After Newville was Mirandized, he said he had not meant to scare J.L.

When police brought Newville back to the parking lot, J.L. identified him as her attacker. In Newville's sweatshirt pocket police found coiled up wire and latest gloves. Newville's van was the vehicle parked close next to J.L.'s car. When police executed a search warrant on the van, they found numerous items of a sexual nature in the van, including sex toys, condoms, and many bottles of sexual lubricant. They also found more latex gloves, restraints of various sizes, and a shock collar. They also found a digital

3

camera, memory cards, and a computer in the van. On these devices police found many photographs of women in parking lots, some of the locations identified as in Kokomo.

The State filed an information charging Newville with attempted rape, as a Class A felony; criminal confinement, as a Class C felony; battery, as a Class A misdemeanor; and with being an habitual offender. The State later filed an amended information adding a charge of attempted robbery, as a Class B felony, and receiving stolen property, as a Class D felony. A bifurcated jury trial commenced January 30, 2012. The jury returned a verdict of guilty on all counts except the attempted robbery count, for which Newville was acquitted. The trial court then moved to the habitual offender phase of trial, and, following evidence, the jury adjudicated Newville an habitual offender. The trial court entered judgment of conviction accordingly.

On April 18, the trial court held a sentencing hearing. The court entered judgment of conviction on attempted rape and receiving stolen property.[2] After identifying and weighing aggravators and mitigators, the court sentenced Newville to fifty years for attempted rape, enhanced by thirty years for the habitual offender adjudication. And the court sentenced Newville to three years for receiving stolen property to be served consecutive to the attempted rape sentence. Newville now appeals.

## DISCUSSION AND DECISION

Newville contends that the State failed to present sufficient evidence to prove that he committed attempted rape, as a Class A felony. When reviewing a claim of sufficiency of the evidence, we do not reweigh the evidence or judge the credibility of the

---

[2] In the sentencing order, the trial court "vacated" the convictions for criminal confinement and battery "on double jeopardy grounds." Appellant's App. at 207.

witnesses. Jones v. State, 783 N.E.2d 1132, 1139 (Ind. 2003). We look only to the probative evidence supporting the judgment and the reasonable inferences that may be drawn from that evidence to determine whether a reasonable trier of fact could conclude the defendant was guilty beyond a reasonable doubt. Id. If there is substantial evidence of probative value to support the conviction, it will not be set aside. Id. We review both circumstantial and direct evidence most favorable to the State. See Thomas v. State, 519 N.E.2d 143, 144-45 (Ind. 1988).

To prove rape the State was required to show beyond a reasonable doubt that a defendant knowingly or intentionally has sexual intercourse with a member of the opposite sex by compelling the other person by force or imminent threat of force. Ind. Code § 35-42-4-1. And "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime." Ind. Code § 35-41-5-1(a). A substantial step is any overt act beyond mere preparation and in furtherance of the intent to commit the offense. Kiplinger v. State, 922 N.E.2d 1261, 1266 (Ind. 2010) (citation omitted). An offense is deemed committed when a person knowingly or intentionally aids, induces, or causes another person to commit that offense. Ind. Code § 35-41-2-4.

Here, the evidence shows that Newville backed his van into the parking space next to J.L.'s vehicle while she was in the store. His van was parked over the line and very close to the passenger side of J.L.'s vehicle. When J.L. entered her car, Newville was waiting in the back seat and grabbed her from behind. She had left the car keys, her purse, and a substantial amount of cash easily accessible in the vehicle. Newville had

5

moved the keys to the back seat but had left J.L.'s other belongings undisturbed. And while wearing latex gloves, he repeatedly attempted to pull J.L. into the back seat of her own car.

Once Newville was apprehended and police executed a search warrant on his van, they found numerous items of a sexual nature inside. Specifically, officers found that the middle seat had been removed from the van, as had the clutter that they found in the rest of the van. Also in the van they found sex toys, condoms, many bottles of sexual lubricant, more latex gloves, restraints of various sizes, a shock collar, a digital camera, memory cards, and a computer. On the memory cards and computer, police found many photographs of women in parking lots, some of the locations identified as in Kokomo.

In sum, the direct evidence of the attack and its nature and circumstantial evidence of the way Newville parked the van and the items found in the van support his conviction for attempted rape. Newville argues that the circumstantial evidence is "tenuous at best," but that argument merely amounts to a request that we reweigh the evidence. We will not do so. See Jones, 783 N.E.2d at 1139. We affirm Newville's conviction for attempted rape.

Affirmed.

FRIEDLANDER, J., and BRADFORD, J., concur.