**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 15 2013, 5:42 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MARK K. LEEMAN**
White County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODISETT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WILLIAM R. MARKS, JR., | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 91A02-1210-CR-881 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WHITE SUPERIOR COURT
The Honorable Robert B. Mrzlack, Judge
Cause No. 91D01-1201-FA-1

**August 15, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

William R. Marks, Jr. appeals his conviction of Class A felony child molesting.[1] He presents one issue for our review: whether his confession was knowing and voluntary. We affirm.

## FACTS AND PROCEDURAL HISTORY

Marks resided with his wife, M.M., and her two daughters, twelve-year old M.H. and four-year old N.M. On January 2, 2012, Marks consumed approximately fourteen beers. M.M. awoke around 3:00 a.m. and found Marks in M.H.'s bedroom. Marks was undressed and touching his and M.H.'s genitalia. M.M. called the police, and Marks was arrested.

Detective Jason Linkenfelter was notified of the case at 3:21 a.m. He interviewed M.M. and M.H. at their home for roughly one hour. M.M. told the detective Marks had consumed several beers. Detective Linkenfelter went to the police station around 5:15 a.m. to interrogate Marks. Marks was detained nearly three hours, from the time he was taken to the police station until the interrogation concluded, and during that time, Marks confessed to touching and licking M.H.'s genitalia.

At trial, Marks moved to suppress his videotaped confession, asserting it was not voluntary. He claimed Detective Linkenfelter made strong inferences of leniency in exchange for Marks' self-incriminating statements. Marks further claimed his intoxication made his confession involuntary. Finally, he claimed the detective implicitly threatened his stepdaughter by suggesting that, unless Marks confessed to sexual contact with M.H., she might be subjected to invasive testing at the hospital that would leave her "scarred for life."

---

[1] Ind. Code § 35-42-4-3(a)(1).

(Tr. at 169-70.)

The trial court denied Marks' motion to suppress and admitted the confession into evidence at trial over Marks' objection. The jury found Marks guilty of Class A felony child molesting.

## DISCUSSION AND DECISION

"The admission of evidence is within the sound discretion of the trial court, and we review the court's decision only for an abuse of that discretion." *Rogers v. State*, 897 N.E.2d 955, 959 (Ind. Ct. App. 2008). When a defendant challenges the voluntariness of his confession under the United States Constitution,[2] the State must prove by a preponderance of the evidence that the statement was voluntarily given. *Pruitt v. State*, 834 N.E.2d 90, 114 (Ind. 2005). To determine whether the State carried its burden, the trial court is to consider the totality of the circumstances, which includes police coercion; duration, continuity, and location of the interrogation; and "defendant's maturity, education, physical condition, and mental health." *Id.* at 115. This examination is of the entire interrogation, not just the condition of the suspect or any single act by police. *Washington v. State*, 808 N.E.2d 617, 622 (Ind. 2004).

"A confession is voluntary if, in light of the totality of the circumstances, the

---

[2] Marks does not argue his statement was involuntary under the Indiana Constitution's heightened burden of "beyond a reasonable doubt," *Crain v. State*, 736 N.E.2d 1223, 1230 (Ind. 2000); notwithstanding this waiver, such an argument would fail. *See Scalissi v. State*, 759 N.E.2d 618, 621 (Ind. 2001) (under Indiana Constitutional analysis, defendant's sleep deprivation, ingestion of large quantities of alcohol and drugs, and blows to the head by the victim of the shooting a short time before the interrogation began did not render the confession involuntary under the Indiana Constitution, given substantial evidence there was no improper police influence or coercion in obtaining the confession), *reh'g denied*.

confession is the product of a rational intellect and not the result of physical abuse, psychological intimidation, or deceptive interrogation tactics that have overcome the defendant's free will." *Scalissi v. State*, 759 N.E.2d 618, 621 (Ind. 2001). To determine if a confession was voluntary, we first determine whether there was coercive police conduct. *See id.* (coercive police conduct is a necessary predicate to finding a confession involuntary). If so, we determine whether the alleged conduct overcame the defendant's free will. *See id.* "[W]e do not reweigh the evidence, but instead examine the record for substantial probative evidence of voluntariness." *Pruitt*, 834 N.E.2d at 115 (citation omitted). Conflicting evidence is viewed most favorably to the trial court's ruling. *McGhee v. State*, 899 N.E.2d 35, 38 (Ind. Ct. App. 2008). "If there is substantial evidence to support the trial court's conclusion, it will not be set aside." *Pruitt*, 834 N.E.2d at 115.

Intoxication and fatigue are factors to consider in determining whether a statement was freely given. *Scalissi*, 759 N.E.2d at 621. A confession may be freely given notwithstanding voluntary intoxication. *Ellis v. State*, 707 N.E.2d 797, 802 (Ind. 1999). A defendant's statement is "incompetent only when he is so intoxicated that he is not conscious of what he is doing or the intoxication produces a state of mania." *Id*. A confession given in such a state would nonetheless be voluntary absent a showing of coercive police activity. *Scalissi*, 759 N.E.2d at 621.

If "interrogating officers reasonably should have known that a suspect was under the influence of drugs or alcohol, a lesser quantum of coercion may be sufficient to raise doubt about the voluntariness of the confession." *United States v. Haddon,* 927 F.2d 942, 946 (7th

4

Cir. 1991). However, "police are allowed to play on a suspect's ignorance, fears and anxieties so long as they do not magnify these emotionally charged matters to the point where a rational decision becomes impossible." *United States v. Sablotny*, 21 F.3d 747, 752 (7th Cir. 1994).

Marks contends his mental and physical state, taken together with the alleged police misconduct, render his confession involuntary. We disagree. The State met its burden to show Marks' confession was voluntary, notwithstanding Detective Linkenfelter's knowledge that Marks had consumed alcohol and asserted he was fatigued. Marks' consumption of alcohol did not make him unaware of what he was saying or place him in a state of mania, nor was his fatigue so great as to negate his ability to act of his own free will. *See*, *e.g.*, *Bean v. State*, 913 N.E.2d 243, 249 (Ind. Ct. App. 2009) (holding that consumption of alcohol not leading to mania insufficient to demonstrate a confession was involuntary; rather, "it goes only to the weight to be given to the statement and not its admissibility"). Detective Linkenfelter testified that Marks did not appear intoxicated. His assertion is supported by Marks' video recorded confession. Marks had not consumed any alcohol for at least two hours before Detective Linkenfelter's interrogation. The video recorded interrogation reflects Marks did not slur his speech; he was balanced; he maintained his train of thought; and he was oriented to time, place, and his circumstances. When Detective Linkenfelter asked Marks if he was intoxicated, Marks stated he just felt tired. Marks rested, though uncomfortably, for nearly one-half hour before the interrogation. The record supports the

5

trial court's finding that Marks' confession was not involuntary based on fatigue[3] or intoxication. Nor was Marks' interrogation so long as to render the confession involuntary. *See Light v. State*, 547 N.E.2d 1073, 1079 (Ind. 1989) (holding four-hour interrogation did not render confession involuntary; "[i]n most of the cases where the statements were held involuntary, the interrogation lasted for a matter of days, not hours").

Detective Linkenfelter's statement to Marks that "I can work with you because you have not had sex with her . . ." was too vague and indefinite to render Marks' confession involuntary. (Tr. at 177.) A confession obtained by a promise of immunity or mitigation of punishment is inadmissible. *Ashby v. State,* 354 N.E.2d 192, 195 (Ind. 1976). However, our Indiana Supreme Court seems to have limited *Ashby* to cases that involve "direct or implied promises" of immunity or leniency. *See Pamer v. State*, 426 N.E.2d 1369, 1374 (Ind. Ct. App. 1981) ("Statements by the police such as 'seeing what they could do for him,' 'his cooperation might help in assisting him,' or it would 'be in his best interest to tell the real story' are not sufficient inducements to preclude admission of a subsequent confession as evidence.") (citation omitted). Detective Linkfelter's statements were not specific enough to render Marks' confession involuntary.

Police deception and misconduct "weigh heavily against the voluntariness of the defendant's confession," *Henry v. State*, 738 N.E.2d 663, 665 (Ind. 2000), but do not

---

[3] In *Watson v. Detella*, 122 F.3d 450, 456 (7th Cir. 1997), a defendant's confession was held voluntary notwithstanding, *inter alia*, his assertions of fatigue. He committed the criminal act at 11:30 p.m., was spotted by police officers at 3:45 a.m., fled, was apprehended at 4:45 a.m., confessed to the commission of the crime at 7:30 a.m., and signed his written confession at 8:30 a.m. *Id*. at 452.

necessarily render a confession inadmissible. *Clark v. State*, 808 N.E.2d 1183, 1191 (Ind. 2004). A credible threat of violence by a government agent is sufficient to support a finding of coercion, *Ariz. v. Fulminante*, 499 U.S. 279, 287 (U.S. 1991), as is such a threat to a family member of the accused. *Haak v. State*, 695 N.E.2d 944, 948 (Ind. 1998). "However, there must be a showing that but for the threat or inducement, the confession might not have occurred." *Id*. (citation omitted). Detective Linkenfelter's discussion of the "rape kit" was not deceptive, because subjecting M.H. to a "rape kit" might have been warranted as a means to determine the extent of Marks' sexual contact with her. Reference to such an investigation would not amount to sufficient "psychological pressure" to render Marks' confession involuntary. *See United States v. Johnson*, 495 F.3d 536, 542 (7th Cir. 2007) (holding that a rightful concern for the effects of an investigation on others does not necessarily amount to psychological pressure).

## CONCLUSION

The trial court did not abuse its discretion when it admitted Marks' confession because Detective Linkenfelter's statements taken together with Marks' condition did not render Marks' confession involuntary. Accordingly, we affirm.

Affirmed.

BAKER, J., and MATHIAS, J., concur.

7